# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 30, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STUART E. RICHARDS,**
**Claimant Below, Petitioner**

**vs.)     No. 15-1065** (BOR Appeal No. 2050425)
                    (Claim No. 2012033845)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**L R CONSTRUCTION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Stuart E. Richards, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Jaqueline A. Hallinan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 2, 2015, in which the Board affirmed an April 17, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 11, 2013, decision which granted Mr. Richards a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Richards, a welder, alleges that he developed occupational pneumoconiosis in the course of his employment. An April 5, 2012, employees' report of occupational pneumoconiosis states he was last exposed in 1994 and had been exposed for ten to twelve years. A physician's report of occupational pneumoconiosis listed a diagnosis of simple occupational pneumoconiosis for the past three to four years. He had coughing and wheezing and used oxygen at night.

On April 5, 2012, a chest x-ray was interpreted by Afzal Ahmed, M.D., as showing simple occupational pneumoconiosis, pleural thickening, chronic obstructive pulmonary disease, and bullae. Spirometry showed early obstructive pulmonary impairment. It was noted that the condition could be a small airway disease or the early stages of emphysema. It was possibly reversible in nature so repeat testing following bronchodilator was recommended. It was noted that Mr. Richards had been exposure to coal and rock dust for twenty years. He had a thirty-five pack year history and quit smoking four years prior.

On December 6, 2012, the Occupational Pneumoconiosis Board concluded that it could not make a diagnosis of occupational pneumoconiosis. It stated that the chest x-ray revealed insufficient pulmonary parenchymal or pleural disease for a diagnosis of occupational pneumoconiosis. The claims administrator thereafter granted Mr. Richards a 0% permanent partial disability award on January 11, 2013.

Members of the Occupational Pneumoconiosis Board testified in a hearing before the Office of Judges on January 21, 2015. Johnsey Leef, M.D., stated that he did not make an x-ray diagnosis of occupational pneumoconiosis. He disagreed with Dr. Ahmed's interpretation of April 5, 2012, x-rays. He stated that Dr. Ahmed misinterpreted overexposure on the x-ray as emphysema. Jack Kinder, M.D., agreed with Dr. Leef's assessment. Dr. Kinder stated that various tests, including a spirometry, appeared to be valid and reproducible. They showed 15% impairment. He also testified that the Occupational Pneumoconiosis Board performed similar testing, including pre and post-bronchodilator studies, and such testing showed 15% impairment. However, since this is a non-presumptive claim with a negative x-ray, Dr. Kinder opined that the 15% impairment was not due to occupational pneumoconiosis. He opined that most, if not all, of Mr. Richards's impairment was due to bronchospastic disease related to cigarette smoking. Bradley Henry, M.D., concurred.

The Office of Judges affirmed the claims administrator's decision on April 17, 2015. It found that Mr. Richards has a forty pack year smoking history. Also, the Occupational Pneumoconiosis Board did not make an x-ray diagnosis of occupational pneumoconiosis. It stated that given that the claim was a non-presumptive claim with a negative x-ray, it could not recommend any impairment attributable to occupational pneumoconiosis. The Occupational Pneumoconiosis Board further found that the 15% impairment found was attributable to Mr. Richards's cigarette smoking history. The Office of Judges agreed with the Occupational Pneumoconiosis Board. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order.

After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of Review. Mr. Richards argues that the Office of Judges and Board of Review failed to consider the evidence demonstrating that he has occupational pneumoconiosis as well as Dr. Kinder's testimony that he has 10% pulmonary impairment as a result. He asserts Dr. Kinder adjusted the impairment rating down from 15% to account for cigarette use. A review of the hearing in question shows that Dr. Kinder's statement was in response to a hypothetical question. Based on the evidence of record, he found 0% impairment attributable to occupational pneumoconiosis.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 30, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II